JUNE 14, 1910.

---

### HENDRICKS *v.* ALLEN *et al.*

1. There was no error in allowing the amendment to the equitable petition, or in overruling the demurrer to the petition as amended.

2. Upon a consideration of all of the grounds of the motion for new trial, none of them presents any reason for a reversal.

JUNE 14, 1910.

Equitable petition. Before Judge Felton. Bibb superior court. June 1, 1909.

*John R. L. Smith,* for plaintiff in error.

*Martin & Morcock* and *Akerman & Akerman,* contra.

ATKINSON, J. This case was before the Supreme Court on a former occasion. *Hendricks* v. *Allen,* 128 *Ga.* 181 (57 S. E. 224). A reversal was had because the court submitted the case to the jury on a theory or theories not authorized by the pleadings and evidence. In the opinion it was shown that the pleadings and evidence did not raise an issue as to an agreement or understanding for the conveyance of the land by Locke to Allen; but it was said that it must not be concluded that the plaintiff might not have relief upon proper pleadings. When the case was returned to the superior court the plaintiff amended his pleadings so as to raise the issue which the former decision held he had not in the first instance made. This amendment did not add a new cause of action or change an action of tort into one of contract. The original proceeding was not an action of tort, but an equitable suit praying for specific performance, for the cancellation of a mortgage, and for general relief. The amendment varied somewhat the grounds on which it was claimed that he was entitled to these remedies, but there was no valid objection to its allowance. Nor was the petition, as amended, subject to the demurrer on the ground that it failed to set out any cause of action, or for want of proper parties. A number of the grounds of the motion for new trial revolve about the question of whether or not the evidence measured up to the necessary standard to obtain relief under the pleadings, and whether there was enough evidence of a contract or understanding between Locke and Allen in regard to the manner in which the former held a deed to the land. Without taking up each of the grounds of the motion in detail, we have carefully examined them all, and are of the opinion that there was no error in any of the rulings complained of, either in regard to the evidence or certain portions of the charge or the refusal to charge as requested; certainly nothing that requires the grant of a new trial. The evidence was necessarily somewhat general and inferential. Locke was dead, and the plaintiff could not testify; but upon the whole we think that the case was made out. As against Hendricks, the mortgagee, there was enough to show that he was affected with notice; and there was no error in refusing the motion for new trial.

*Judgment affirmed. All the Justices concur.*